IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HAYK ARAKELYAN,**<br><br>Petitioner,<br><br>v.<br><br>**PEOPLE OF THE STATE OF CALIFORNIA, et al.,**<br><br>Respondents. | Case No. 1:14-cv-00160 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 14]** |

Petitioner was formerly in custody of the California Department of Corrections and Rehabilitation proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Pamela B. Hooley of the Office of the Attorney General for the State of California.

**I.     INTRODUCTION**

Petitioner was found guilty of two drug-related offenses in the Los Angeles Superior Court. (Pet., ECF No. 1 at 16.) On June 18, 2013, Petitioner was sentenced to sixteen months in state prison. (Id.) On August 7, 2013, Petitioner was validated as a gang member. (Id. at 15.) On April 17, 2014, Petitioner was released from the custody of California Department of Corrections and Rehabilitation to Los Angeles County

Probation. (Mot. To Dismiss., Ex. 4, ECF No. 14.)

In his petition, Petitioner challenges his inability to earn good time credits for the time he was validated as a gang member. On May 13, 2014, Respondent filed a motion to dismiss the petition for failure to exhaust and mootness. (Mot. to Dismiss.) Petitioner did not file a response to the motion to dismiss.

## II. ANALYSIS

### A. Exhaustion

Respondent alleges that Petitioner failed to exhaust his state remedies before requesting relief in this forum. As the petition appears moot, the Court shall not address the issue of whether Petitioner failed to exhaust his state remedies. See 28 U.S.C. § 2254(b)(2).

### B. Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied.

Spencer v. Kemna, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable. For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision of the Bureau of Prisons (BOP) denying the petitioner's request for credit towards his federal sentence for days spent in state custody was not moot where the petitioner was released and remained on supervised release, and the BOP's internal, favorable decision did not recalculate the petitioner's release date as the petitioner had requested.

Defendant's motion to dismiss alleged that Petitioner's claims were moot. Petitioner failed to respond to the motion. Petitioner has been released from custody and, despite the opportunity to respond, has not described any collateral consequences that may exist from his former custody. Accordingly, the Court recommends that the petition for writ of habeas corpus be dismissed as moot.

**III.  CONCLUSION**

Because Petitioner is no longer in custody, this Court cannot grant any meaningful relief to Petitioner. Therefore, this Court recommends the action be dismissed as moot.

**IV.  RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 20, 2014              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE

4